UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SFA GROUP, LLC,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>GARY M. KAPLAN, et al.,<br><br>　　　　　　　Defendants. | Case No. 2:20-cv-07144 FLA (JEMx)<br><br>**JUDGMENT**<br><br>Trial Date:  Vacated<br>Final Pretrial Conference:  Vacated<br>Action Filed:  August 7, 2020 |

　　　　On October 5, 2022, the court Ordered Plaintiff SFA Group, LLC ("Plaintiff" or "SFA") to Show Cause ("OSC") in writing why the action should not be dismissed pursuant to Fed. R. Civ. P. 41(b) ("Rule 41(b)") for lack of prosecution, after SFA failed to file numerous required pretrial filings.  Dkt. 59.  The court advised Plaintiff that "[f]ailure to respond timely may result in the dismissal of the action without further notice pursuant to Fed. R. Civ. P. 41(b)."  *Id.* at 2.

　　　　On October 14, 2022, SFA filed a Response to Order to Show Cause, in which SFA did not oppose dismissal of its action or request that the court do so without prejudice under Fed. R. Civ. P. 41(a)(2).  Dkt. 60.  On October 17, 2022, the court

1

Case 2:20-cv-07144-FLA-JEM   Document 66   Filed 11/22/22   Page 2 of 3   Page ID #:466

issued its Order Dismissing Action for Lack of Prosecution, Dkt. 61 ("Dismissal Order"). On October 25, 2022, Defendant Farella Braun + Martel LLP ("FBM" or "Defendant") filed its Motion to Correct Order Due to Mistake Pursuant to Fed. R. Civ. P. 60(a) and Enter Judgment (the "Motion").

On November 21, 2022, the court entered its Order granting the Motion, amending the Dismissal Order to reflect that SFA's action is dismissed with prejudice, the Dismissal Order operates as an adjudication on the merits in favor of FBM, and the court would issue a separate Judgment in favor of FBM and against SFA.

Based on the foregoing, the court hereby ORDERS as follows:

1. The court's February 25, 2022 Order Granting Defendant's Motion for Partial Summary Judgment, Dkt. 43 ("MSJ Order"), upheld the enforceability of the October 18, 2016 engagement agreement ("Engagement Agreement") entered into between SFA and FBM and further held that FBM was entitled to partial summary judgment that the fee collar bonus under the Engagement Agreement is not a contingency fee under Cal. Bus. & Prof. Code § 6147, such that SFA owes FBM a fee collar bonus pursuant to the Engagement Agreement in the amount of $209,779 and the applicable late fees.

2. Based on Plaintiff's failure to prosecute its action and its non-opposition to dismissal of the action, Dkt. 60, SFA's Complaint is dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

3. As Defendant prevailed on its Motion for Partial Summary Judgment and the court dismisses Plaintiff's remaining claims for lack of prosecution and non-opposition to dismissal, this dismissal operates as an adjudication on the merits, and FBM is the prevailing party in this action. *See* Cal. Bus. & Prof. Code § 6204(d) ("The party seeking a trial after arbitration shall be the prevailing party if that party obtains a judgment more favorable than that provided by the arbitration award, and in all other cases the other party shall be the prevailing party."). FBM is entitled to

recoverable costs pursuant to Fed. R. Civ. P. 54(d)(1), as the prevailing party in this action.

4. The court hereby ENTERS Judgment in FBM's favor and against Plaintiff on SFA's claims for: (1) a trial de novo of a legal fee dispute under Cal. Bus. & Prof. Code § 6204(c) with respect to the arbitration award issued on July 8, 2020, pursuant to Cal. Bus. & Prof. Code § 6203; and (2) declaratory relief with respect to the fees owed to FBM by SFA. SFA is liable to FBM for unpaid attorney's fees of $250,472.47 and late fees thereon from April 17, 2018, at the rate of ten percent (10%) per annum, until all amounts owed to FBM are fully paid.

6. Defendant's request for attorney's fees pursuant to Cal. Bus. & Prof. Code § 6204(d) is DENIED.

IT IS SO ORDERED.

Dated: November 22, 2022

FERNANDO L. AENLLE-ROCHA
United States District Judge

3